# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Menard, Inc. v. 1945 Cornell, LLC*, 2013 IL App (1st) 121422

---

| | |
|---|---|
| Appellate Court Caption | MENARD, INC., as Successor to Wheaton Bank and Trust, as Successor in Interest to the Federal Deposit Insurance Corporation, Receiver for Wheatland Bank, Plaintiff-Appellee, v. 1945 CORNELL, LLC, an Illinois Limited Liability Company; WHEATLAND BANK; UNITED STATES SMALL BUSINESS ADMINISTRATION; EVCO TRIM, INC., an Illinois Corporation; INLAND BANK AND TRUST; ACME SPRINKLER SERVICE COMPANY; F.E. ROOFTEC CORPORATION, an Illinois Corporation; VIKTOR JAKOVLJEVIC; UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants (Aved Group, LLC, Supplemental Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-12-1422 |
| Filed | May 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An order granting a supplemental order of possession against a lessee of a foreclosed property and in favor of the successor-in-interest of the mortgagee was affirmed over the lessee's contentions that the original foreclosure proceedings did not name it as one defendant, that no proper demand was made for possession, that the leasehold predated the mortgage, and that the successor-in-interest of the mortgagee lacked standing, since all necessary parties were named in the initial complaint, the petition for an order of possession was timely filed after the order confirming the foreclosure sale, the record did not support the lessee's claim as to the seniority of the leasehold interest, and the lessee forfeited its claim that the successor-in-interest lacked standing by failing to raise the issue below. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-16626; the Hon. Jean Prendergast Rooney, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Aved Group, LLC, of Chicago (Aaron Spivack, of counsel), for appellant.

Chuhak & Tecson, P.C., of Chicago (Daniel J. Fumagalli, Francisco E. Connell, and Kevin R. Purtill, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Cunningham and Delort concurred in the judgment and opinion. |

## OPINION

¶ 1    The defendant, Aved Group, LLC (Aved), appeals the circuit court's order granting a supplemental order of possession against it and in favor of Wheaton Bank and Trust (Wheaton Bank) (successor-in-interest to Wheatland Bank) as a part of Wheatland Bank's foreclosure proceeding involving certain commercial property in Melrose Park, Illinois. The current appellee, Menard, Inc. (Menard), later succeeded to Wheaton Bank's interest in the property and substituted itself as a party on appeal. Aved argues that (1) the original foreclosure proceedings were faulty due to Wheatland Bank's failure to name it as a party defendant; (2) Wheaton Bank failed to make a proper demand for possession of the premises; (3) the order of possession was improper because its leasehold interest in the property predated Wheatland Bank's mortgage; and (4) Wheaton Bank lacked standing to prosecute the supplemental petition. For the reasons that follow, we affirm the circuit court's judgment.

¶ 2    Wheatland Bank obtained a mortgage lien on the subject property on July 18, 2008. On April 16, 2010, it filed the instant foreclosure action. The complaint did not name Aved specifically, and Wheatland Bank filed an affidavit stating that it had made efforts to identify other parties interested in the action. On May 21, Wheaton Bank filed a motion to substitute itself for Wheatland Bank as the latter's successor-in-interest. The circuit court granted that motion one month later. Subsequently, Wheaton Bank moved for the appointment of a receiver, and the United States filed a counterclaim on behalf of the Small Business Administration. That counterclaim, filed in July 2010, was served on Aved. On August 30,

2010, the circuit court entered an order granting Wheaton Bank's motion for appointment of a receiver.

¶ 3    On October 19, 2010, the receiver filed his initial report, which listed Aved as a tenant whose lease had begun on September 1, 2009. On January 12, 2011, the court granted Wheaton Bank summary judgment against both the property owner and the United States, and, on April 29, 2011, the court entered a judgment of foreclosure and sale in favor of Wheaton Bank. The court also entered a supplemental order granting the United States a judgment of foreclosure against several parties, including Aved. The property was sold on June 6, 2011, to Wheaton Bank, resulting in a significant deficiency balance. On July 28, 2011, the circuit court approved the sale of the property.

¶ 4    On August 26, 2011, Wheaton Bank filed the supplemental petition that forms the basis of this appeal. In that petition, Wheaton Bank sought an order of possession against several tenants of the property, including Aved. On August 31, 2011, Aved was served with a summons and the supplemental petition. Aved's November 9, 2011, response argued that an order of possession should not be granted, because it was not named as a party in the original foreclosure action. The response also stated that Aved's lease "was executed prior to the filing of the complaint." The response argued that Aved was "not bound by the judgment of foreclosure *** and the plaintiff acquired its title subject to" Aved's lease.

¶ 5    In a reply, Wheaton Bank asserted that Aved had not recorded any lease with the recorder of deeds until it filed an amendment to the lease on April 23, 2010. It also asserted that it attempted to gain access to the property to identify tenants that could be made parties to the foreclosure action, but that it was unable to do so. In a sur-reply, Aved responded that Wheatland Bank had indeed entered the premises and that Aved's occupancy was "open and known" to the bank. Aved supported its allegations with an affidavit from the original property owner, who averred that Wheatland Bank's representatives were aware of Aved's tenancy prior to the bank's filing a foreclosure action.

¶ 6    On December 12, 2011, the circuit court entered an order granting Wheaton Bank's supplemental petition for an order of possession against Aved. Aved thereafter filed a motion to reconsider that said only that it adopted the arguments made by other tenant-defendants in their motions to reconsider. On May 4, 2012, following a hearing, the circuit court denied the motions for reconsideration. This appeal followed.

¶ 7    Before discussing the merits of Aved's appeal, we must admonish Aved for its failure to file a brief in compliance with Illinois Supreme Court Rule 341(h) (eff. July 1, 2008). That rule requires an appellant to submit an opening brief that includes a statement of this court's jurisdiction, as well as a statement of facts "which shall contain the facts necessary to an understanding of the case." Ill. S. Ct. R. 341(h) (eff. July 1, 2008). Aved's jurisdictional statement states some general propositions but provides no hint as to how those propositions apply here, and its statement of facts is no more than a chronological list of the filings in this case. We remind counsel that our supreme court rules are not advisory suggestions, but, rather, rules to be followed. *Eg.*, *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57.

¶ 8    On the merits, Aved's first argument on appeal is that Wheaton Bank's supplemental petition for possession could not be asserted against it, because it was not named as a party

defendant in the initial foreclosure action. At the outset, we agree with Menard that Wheatland Bank's initial foreclosure complaint named all necessary parties. As Menard observes, section 15-1501(a) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501(a) (West 2010)) states that "only (i) the mortgagor and (ii) other persons (but not guarantors) who owe payment of indebtedness or the performance of other obligations secured by the mortgage and against whom personal liability is asserted shall be necessary parties defendant in a foreclosure." Aved was neither of these entities, and it therefore was not required to be named as a party in the initial foreclosure action. Further, to the extent Aved argues that it was deprived of proper notice of the initial foreclosure proceeding, Menard correctly notes that section 15-1503(a) of the Foreclosure Law provides that a properly recorded notice of foreclosure "shall be constructive notice of the pendency of the foreclosure to every person claiming an interest in or lien on the mortgaged real estate, whose interest or lien has not been recorded prior to the recording of such notice of foreclosure." 735 ILCS 5/15-1503(a) (West 2010). Aved does not dispute that its leasehold interest was not recorded until after Wheatland Bank properly recorded its notice of foreclosure, and thus it cannot dispute that it received constructive notice pursuant to section 15-1503(a). Further, in any event, Aved was served with the United States' counterclaim shortly after the initial foreclosure complaint was filed, and it therefore had actual notice of at least that portion of the foreclosure action. For these reasons, we reject Aved's argument that the failure to name it as a party defendant in the initial foreclosure action deprived it of notice or was otherwise improper.

¶ 9    To urge a contrary result, Aved relies on our decision in *Applegate Apartments Ltd. Partnership v. Commercial Coin Laundry Systems*, 276 Ill. App. 3d 433 (1995). In *Applegate*, a mortgagee filed a complaint for foreclosure without naming a tenant as a party. In its affidavit of service in the foreclosure proceeding, an agent for the mortgagee crossed out the words " 'on due inquiry' " and " 'upon diligent inquiry' " and indicated that " 'on information and belief' " additional interested parties could not be found. *Applegate*, 276 Ill. App. 3d at 437. Twenty days after a consent foreclosure judgment was entered, the mortgagee sent an introductory letter to the tenant, but the letter did not mention the foreclosure action or demand that the tenant vacate the premises. *Applegate*, 276 Ill. App. 3d at 437. Six months later, the mortgagee sold its interest in the property to the plaintiff, which then sent the tenant a letter demanding possession of the premises. *Applegate*, 276 Ill. App. 3d at 437. The purchaser thereafter filed an action under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 1992)). The circuit court granted summary judgment to the tenant, and on appeal, that portion of the circuit court's ruling was affirmed. In so ruling, the *Applegate* court reasoned that the foreclosure judgment did not bind the tenant, because the tenant was never notified or made a part of that action and because the record established that the mortgagee did not exercise due diligence in attempting to ascertain the tenant's identity. *Applegate*, 276 Ill. App. 3d at 440, 444-45.

¶ 10    Aved asks us to extend *Applegate* to this case, by reading *Applegate* to invalidate this foreclosure judgment due to Wheatland Bank's alleged failure to ascertain that it was a tenant. However, we agree with Menard that *Applegate*'s procedural posture makes it inapposite. *Applegate* involved a tenant whose possession was challenged six months after

the conclusion of all foreclosure proceedings, while, in this case, Wheaton Bank's supplemental petition made Aved a part of the foreclosure proceedings. For that reason, we do not take guidance from *Applegate*, and we adhere to our conclusion that there was no infirmity in the notice provided to Aved in this case.

¶ 11    Aved next argues that Wheaton Bank failed to make a proper demand for possession of the premises. The parties agree that, in order to obtain relief against persons or entities that were not parties to an initial foreclosure action, a party must initiate supplemental proceedings pursuant to section 15-1701(h) of the Foreclosure Law (735 ILCS 5/15-1701(h) (West 2010)). That section states that a foreclosure purchaser "may, at any time during the pendency of the foreclosure and up to 90 days after the date of the order confirming the sale, file a supplemental petition for possession against a person not personally named as a party to the foreclosure. The supplemental petition for possession shall name each such occupant against whom possession is sought and state the facts upon which the claim for relief is premised." 735 ILCS 5/15-1701(h) (West 2010). Wheaton Bank followed this procedure when it filed its supplemental petition for an order of possession against Aved less than one month after the order confirming the sale of the property had been entered. Section 15-1701(h)(2) further provides as follows:

> "The petitioner shall serve upon each named occupant the petition, a notice of hearing on the petition, and, if any, a copy of the certificate of sale or deed. The proceeding for the termination of such occupant's possessory interest, including service of the notice of the hearing and the petition, shall in all respects comport with the requirements of Article 9 of this Code[, *i.e.*, the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2010))], except as otherwise specified in this Section. The hearing shall be no less than 21 days from the date of service of the notice." 735 ILCS 5/15-1701(h)(2) (West 2010).

¶ 12    Aved does not dispute that Wheaton Bank served notice upon it in accordance with section 15-1701(h)(2) of the Foreclosure Law. Instead, Aved argues that, by incorporating the Forcible Entry and Detainer Act, the Foreclosure Law adopted section 9-102(a)(6) of that act, which allows a party that has purchased property under the order or judgment of a court to obtain possession of the premises only "after demand in writing" by the party entitled to possession. 735 ILCS 5/9-102(a)(6) (West 2010). However, even if we were to assume that this requirement applies here, Menard observes in its brief that the service of the supplemental petition on Aved constituted a written demand for possession. Aved offers us no authority or argument to dispute this proposition. Accordingly, we reject the argument that Wheaton Bank's supplemental petition should have been denied due to the absence of a proper demand on Aved.

¶ 13    Aved's next argument, which it raises throughout its brief, is that Wheatland Bank's foreclosure action should not affect it, because its lease predated the July 18, 2008, mortgage that led to the foreclosure on the property. According to Aved, because it was in possession of the premises before January 1, 2008, and had an operative lease since that date, its lease must be considered senior to Wheaton Bank's mortgage interest. However, as Menard notes in its brief, Aved fails to cite any portion of the record to support its factual assertion regarding the starting date of its lease. In addition, as Menard also notes, the record–including the allegations Aved made in its filings with the circuit court–contains

nothing to indicate that Aved's lease predated Wheatland Bank's mortgage. In its response to Wheaton Bank's supplemental petition, Aved alleged only that its lease "was executed prior to the filing of the complaint," not that the lease began prior to the mortgage. Further, the receiver's reports contained in the record state that Aved's lease began in September 2009. Because the record does not support Aved's argument regarding the seniority of its leasehold interest, we must reject it.

¶ 14    Aved's final argument on appeal is that Wheaton Bank lacked standing to prosecute its supplemental petition, because it was not the record owner of the property at the time the petition was filed. However, as Menard points out in its brief, Aved failed to raise this argument before the circuit court. Aved agrees in its reply brief that it did not raise this argument below. For that reason, Aved has forfeited its standing argument. See *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109 (2006) ("As a general rule, arguments for dismissal that are not raised at the trial court level are waived and cannot be raised for the first time on appeal.").

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 16    Affirmed.